UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

DEVOST ENTERPRISES, INC., :
:
    Plaintiff, :
:
v. : File No. 1:09-CV-276
:
ALLSTATE CAN CORPORATION :
AND DAVID WEST, :
:
    Defendants. :
_____ :

MEMORANDUM AND ORDER
(Paper 9)

I.    Introduction

Plaintiff Devost Enterprises, Inc. d/b/a New England Container Company (Plaintiff or NECC) brings this action for damages stemming from allegedly defective containers supplied by Defendant Allstate Can Corporation. Defendant David West moves to dismiss the claim against him under Federal Rule of Civil Procedure 12(b)(3) for lack of personal jurisdiction. (Paper 9.) For the reasons stated below, this Court finds it lacks personal jurisdiction over Mr. West.

II.    Facts

This action was originally filed in Franklin County Superior Court on September 28, 2009. (Paper 1.) Plaintiff is a Vermont resident, Mr. West is a Maryland resident,

1

and Allstate Can Corp. is a New Jersey resident. (Paper 5 (Compl.) at 1.) Based on diversity jurisdiction, Mr. West removed the action to this Court.[1] See Paper 1.

Plaintiff alleges it entered into an agreement in 2008 with Allstate under which Allstate would supply Plaintiff with steel cans for its maple syrup container business. Mr. West (1) personally assured it that he "would stand behind and be responsible for all containers shipped by Allstate to Plaintiff," and (2) provided "a Certificate of Liability Insurance naming Plaintiff, indicating that Defendants had $10,000,000 insurance coverage that would cover any problems with the containers supplied to Plaintiff." (Compl. at ¶ 1, 3-4.) Plaintiff claims Defendant Allstate was negligent in allowing a substance to be used in the manufacture of the containers sent to Plaintiff that left them smelling of solvents, id. at ¶ 5, all the containers had to be destroyed, id. at ¶ 6, and Plaintiff suffered damages. Id. at ¶ 8.

Defendant West's answer, filed on December 8, 2009, in state court, preserved his objection to personal jurisdiction.[2] (Paper 6 (Answer) at 2.)

---

[1] Allstate Can Corp, the non-moving defendant, filed a notice consenting to removal. (Paper 8.)

[2] A motion to dismiss for lack of personal jurisdiction should precede the filing of a responsive pleading, Fed. R. Civ. P. 12(b); the Court, however, will consider the substance of the defense rather than form. See 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1347 (3d ed. 2004) ("In accordance with the basic philosophy of the federal rules, the substance of a party's defense . . . rather than its form will control the district court's treatment of a Rule 12(b) . . . responsive pleading.")

III.   Motion to Dismiss

Plaintiff has the burden of presenting to the Court sufficient allegations that it has jurisdiction over a defendant. Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996); Ben & Jerry's Homemade, Inc. v. Coronet Priscilla Ice Cream Corp., 921 F. Supp. 1206, 1209 (D. Vt. 1996). The plaintiff "need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." Ben & Jerry's, 921 F. Supp. at 1209 (citation omitted).

In a diversity action such as this, personal jurisdiction over individuals or corporations "is determined in accordance with the law of the state where the court sits, with 'federal law' entering the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a constitutional guarantee." Metro. Life, 84 F.3d at 567 (internal quotation marks and citation omitted).

Ordinarily, a two-part analysis takes place involving a state's long-arm statute and its interaction with the due process clause. The Vermont Supreme Court has held that a Vermont court may exercise jurisdiction over a defendant "to the full extent permitted by the Due Process Clause." N. Aircraft, Inc. v. Reed, 572 A.2d 1382, 1385 (Vt. 1990). "Thus, the Court can proceed to an application of the due process clause." Ben & Jerry's, 921 F. Supp. at 1209.

   A.   Minimum Contacts

Under the due process analysis, the Court makes a "minimum contacts" and a "reasonableness" inquiry. Metro. Life, 84 F. 3d at 567. In deciding the sufficiency of a defendant's contacts with the forum state, the key principle is "there be some act by

3

which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hansen v. Denckla, 357 U.S. 235, 253 (1958)). "The case law is clear that where . . . a defendant does not actively initiate contacts in a state, a court does not ordinarily exercise jurisdiction over that defendant, unless there is some other evidence of minimum contacts with the forum state." Artec Distrib., Inc. v. Video Playback, Inc., 799 F. Supp. 1558, 1560 (D. Vt. 1992).

Whether there is "general" or "specific" personal jurisdiction is the first inquiry under the minimum contacts analysis. Metro. Life, 84 F. 3d at 567. If contacts with the state "do not exist in sufficient abundance, that is, if the constitutionally necessary first-tier minimum is lacking, the inquiry ends." Id. at 568.

B.  Specific Jurisdiction

> Two factors must be present for a court to have specific jurisdiction over an out of state defendant. First, to meet the Due Process "fair warning" requirement, the defendant must have "purposefully directed" its activities at the forum. [] Second, the litigation must "arise out of or relate to" at least one of those activities. []
>
> The "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts. [] Rather, a defendant "avail[s] itself of the privilege of conducting business [in the forum]" when it "deliberately" engages in significant activities in a state. [] The defendant need not be physically present in the forum "so long as [its] efforts are purposefully directed toward the residents of another State."

Dearwater v. Bond Mfg. Co., No. 1:06-cv-154, 2007 WL 2745321, at *4 (D. Vt. Sept. 19, 2007) (internal citations omitted).

4

C. <u>General Jurisdiction</u>

> General jurisdiction exists when a defendant "maintain[s] continuous and system[at]ic" contacts with the forum. [] General jurisdiction is based on a defendant's "general business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts." [] Courts must impose the more stringent "continuous and system[at]ic" minimum contacts test because general jurisdiction is not related to the events giving rise to the suit.

<u>Dearwater</u>, 2007 WL 2745321, at *5 (internal citations omitted).

IV. <u>Analysis</u>

In support of his motion to dismiss, West maintains that the quality and quantity of his contacts with Vermont do not warrant jurisdiction. (Paper 9 at 2.) In opposition, Plaintiff maintains it has had a business relationship with Allstate from 2006 until the present and West represented himself as its President. (Paper 10 at 1.) Plaintiff alleges West "purposefully negotiated" the agreement at issue. <u>Id.</u> Plaintiff also submitted an affidavit of Roland Devost, President of Devost Enterprises, Inc. (Paper 10-1.)

Plaintiff has not provided legally sufficient allegations of either general or specific jurisdiction. <u>Metro. Life</u>, 84 F.3d at 566 ("Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction."). Mr. Devost states he met with Mr. West at the Allstate office -- who "held himself out as the President of Allstate" -- to negotiate the agreement at issue and Mr. West assured Mr. Devost that he would "stand behind the cans from [the] Chinese Affiliate." (Paper 10-1 at 1.) Plaintiff makes no allegation Mr. West actively initiated contacts with

Vermont or that he purposefully availed himself of the benefits and protections of Vermont.

Plaintiff does not dispute or contradict Mr. West's statement that Mr. Devost initiated the contact that led to the agreement at issue. (Paper 9-1 at 3.) In the absence of an allegation that Mr. West purposefully directed activities at the forum, an assertion of specific jurisdiction would offend due process. Artec Distrib., 799 F. Supp. at 1560.

Furthermore, Plaintiff does not allege sufficient systematic and continuous contacts by Mr. West with Vermont to support an assertion of general jurisdiction. In his affidavit, Mr. West discusses two trips to Vermont related to Allstate's business relationship with NECC but unrelated to the agreement at issue. Id. at 2-3. Mr. West has never owned property or maintained a business office in Vermont. Id. at 1. Two trips to Vermont do not demonstrate that Mr. West maintains systematic and continuous contacts with this State. In the absence of such contacts, an assertion of general jurisdiction would offend due process. Dearwater, 2007 WL 2745321, at *5.

V.   Conclusion

Because the Court lacks personal jurisdiction and for the reasons stated above, Defendant David West's Motion to Dismiss (Paper 9) is GRANTED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 12th day of April, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge